UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SHEIKH SHABAZZ,

        Plaintiff,

    v.

DEPUTY FRED BULL; DEPUTY
JASON ALLEN LOWE; MULTNOMAH
COUNTY SHERIFF'S OFFICE,

        Defendants.
_____

Case No. 6:22-cv-00971-MC

OPINION AND ORDER

MCSHANE, District Judge.

      Plaintiff, a former detainee at the Multnomah County Inverness Jail, filed suit pursuant to 42 U.S.C. § 1983 and alleged that defendants used excessive force against him in violation of his federal constitutional rights. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on grounds that plaintiff failed to exhaust his available administrative remedies. It is undisputed that plaintiff did not complete the administrative grievance process before filing suit, and defendants' motion is GRANTED.

1   - OPINION AND ORDER

DISCUSSION

Plaintiff alleges that on November 10, 2020, and April 26, 2021, deputies used excessive force against him. Am. Compl. at 3. Defendants maintain that plaintiff's claims are barred because he failed to exhaust the available grievance process before filing suit.

To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The Court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Under the Prison Litigation Reform Act (PLRA), adults in custody (AICs) must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983…by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the relevant administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam).

2    - OPINION AND ORDER

If the defendant shows that the AIC did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. An administrative remedy is unavailable when: 1) the grievance process "operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; 2) the process is "so opaque that it becomes, practically speaking, incapable of use"; and 3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643-44 (2016).

The Multnomah County Inmate Manual sets forth the administrative grievance process for Multnomah County jail facilities. Pedro Decl. Ex. 1. An AIC must file a grievance within five days of the alleged incident and jail staff must respond within five days of receiving the grievance. *Id.* Ex. 1 at 3. If the response is unsatisfactory, the AIC may pursue two levels of appeals. *Id.* The first appeal must be sent to the Facility Commander within five days of the initial decision and a second appeal must be sent to the Chief Deputy of Corrections. *Id.* Ex. 2 at 9. The Inmate Manual specifically advises AICs that grievances "will not be considered fully exhausted unless you have properly and timely filed an appeal at every available grievance level." *Id.* Ex. 1 at 3.

Defendants maintain that plaintiff did not file a grievance for any instance of alleged force. Pedro Decl. ¶ 6. Plaintiff does not dispute this fact. Instead, plaintiff requests that the Court excuse him from the exhaustion requirement because he was "mentally ill and paranoid" and sent complaints about the incidents to the wrong parties. Pl.'s Response to Mot. Summ. J.

However, the only recognized exception to the PLRA exhaustion requirement is the unavailability of a grievance process; there is no "'special circumstances' exception" that allows

this Court to determine "that exhaustion would be unjust or inappropriate in a given case." *Ross*, 578 U.S. at 641. Plaintiff does not allege that he was denied access to the Multnomah County Inmate Manual or to grievance forms, that the process was overly complicated or cumbersome, or that he attempted to file grievances and was prevented from doing so.

Accordingly, plaintiff fails to establish that the administrative grievance process was effectively unavailable to him, and his claims are barred by the PLRA.

## CONCLUSION

Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED, and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 5th day of June, 2023.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge